## John Kellar *v.* G. Ridgeley.

*The Court can not give judgment, discharging the obligors of a tutor's bond before the ward attains the age of majority. This point was ruled in Stafford v. Villain, 10th La. Rep. 329, and it is not inconsistent with the provisions of article 615 of the Code of Practice.*

*Article 356 of the Civil Code creates à prescription of four years commencing from the day of the majority, for the action of the minor against his tutor, respecting the acts of his tutorship.*

*Where matters of mal-administration are urged by way of opposition to an account, it is prema-ture to institute a direct action on the same matters before the decision of the opposition.*

APPEAL from the Second District Court of New Orleans, *Lea*, J. *James D. Mix*, for plaintiff. *Alfred Hennen*, for defendant and appellant.

Buchanan, J. The plaintiff is tutor of the minor *Swasey*. He has been appointed in the place of the defendant, who was formerly tutor, but who has been removed. Plaintiff sues defendant for fifteen hundred dollars damages, alleged to have been suffered by his ward, through neglect of duty in permitting one *Fink*, dative testamentary executor of *Sarah Baum*, to remain in office, and to retain possession of the effects, without requiring an account.

The answer denies the allegations of damage sustained by the minor, and prays in reconvention that defendant and his securities on the bond given by him for his tutorship be discharged from their responsibility, nothing having ever come into his hands as tutor.

Article 356 of the Civil Code, creates a prescription of four years, commenc-ing from the day of the majority, for the action of the minor against his tutor,

KELLAR
*v.*
RIDGELEY.

respecting the acts of his tutorship. And it has been settled, in the case of *Stafford* v. *Villain*, 10th La. Rep. 329, that the Court cannot give a judgment, discharging a tutor's bond, before the ward attains the age of majority.

The Article 615 of the Code of Practice, relied upon by the counsel for appellant, is not viewed by us as inconsistent with the ruling of the Court in *Stafford* v. *Villain*. The action in rescission, spoken of in that article, applies to judgments obtained against a tutor, for alleged debts of the minors, pending the tutorship.

As to the principal claim for damages sustained by the minor through the neglect of defendant, the evidence offered by plaintiff himself, shows it to be premature.

That evidence consists of the record of the *mortuaria* of *Sarah Baum*, now on file in this Court, on appeal from the same Court in which the present suit was instituted. That appeal is still undecided, but the record shows that *John D. Fink*, dative executor of *Sarah Baum*, filed an account of his administration on the 10th July, 1852, showing a balance in his favor and against the estate, of $144 08; that this account was opposed by plaintiff, as tutor of the minor *Swasey*, and also in his individual capacity, on the 24th July, 1852; that these oppositions came to trial in December, 1852, and were decided by the Court of the first instance in January, 1853. On the 12th of November, 1852, the present suit was instituted. The oppositions of plaintiff to *Fink's* account of executorship, charge, in detail, the same matters of mal-administration and waste of assets against the executor, which are made the ground of the charge of neglect on the part of the defendant in this suit. It was evidently premature to institute this action, before the oppositions were decided.

It is therefore adjudged and decreed, that the judgment of the District Court be affirmed; costs of this Court to be paid by appellant.